UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): No. 23-1031 _____         _____ Caption [use short title] _____

Motion for: Dismissal of Plaintiffs-Appellants' Appeal

_____

_____

Set forth below precise, complete statement of relief sought:

Appellees seek dismissal of Appellants' appeal challenging         Palladino, et al. v. JPMorgan Chase & Co., et al.

the district court's order denying remand of this case to state court.

_____

_____

_____

_____

MOVING PARTY: Defendant-Appellees Citigroup Inc., Citibank, N.A., and Citibank, N.A. (National Association), et al.         OPPOSING PARTY: Palladino, et al.

[ ] Plaintiff          [ ] Defendant

[ ] Appellant/Petitioner          [✔] Appellee/Respondent

MOVING ATTORNEY: Benjamin R. Nagin and Eamon P. Joyce         OPPOSING ATTORNEY: Joseph M. Alioto, Tatiana V. Wallace, and Jeffrey K. Perkins

[name of attorney, with firm, address, phone number and e-mail]

Sidley Austin LLP, 787 7th Avenue, New York, NY 10019         Alioto Law Firm, One Sansome Street, 35th Floor

(212) 839-5300, bnagin@sidley.com; ejoyce@sidley.com         San Francisco, California 94104

         (415) 434-8900, josephmalioto@aliotolaw.com; twallace@aliotolaw.com; Jeffreykperkins@aliotolaw.com

Court- Judge/ Agency appealed from: United States District Court for the Eastern District of New York, Chief Judge Margo K. Brodie

**Please check appropriate boxes:**                    FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                 INJUNCTIONS PENDING APPEAL:

Has movant notified opposing counsel (required by Local Rule 27.1):       Has this request for relief been made below?       [ ] Yes [ ] No
[✔] Yes [ ] No (explain):_____       Has this relief been previously sought in this court?  [ ] Yes [ ] No
_____       Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                    _____
[ ] Unopposed [✔] Opposed [ ] Don't Know                  _____
Does opposing counsel intend to file a response:              _____
[ ] Yes [ ] No [✔] Don't Know                        _____

Is oral argument on motion requested? [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✔] No If yes, enter date:_____

**Signature of Moving Attorney:**

s/ Benjamin R. Nagin _____ Date: 7/27/2023 _____ Service by: [✔] CM/ECF [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation<br><br>JOHN PALLADINO, GARIB KARAPETYAN, STEVE PALLADINO, AND JOHN NYPL, *on behalf of themselves and all others similarly situated,*<br><br>       Plaintiff-Appellants,<br><br>      v.<br><br>JP MORGAN CHASE & CO., JP MORGAN BANK, N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA N.A., WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A., CITIGROUP INC, CITIBANK, N.A., CITIBANK, N.A. (NATIONAL ASSOCIATION), U.S. BANKCORP, US bancorp, U.S. BANK NATIONAL ASSOCIATION, PNC FINANCIAL SERVICES GROUP, INC., PNC, PNC BANK NATIONAL ASSOCIATION, CAPITAL ONE, F.S.B., CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, CAPITAL ONE NATIONAL ASSOCIATION, BANK OF THE WEST, VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, MASTERCARD INCORPORATED, MASTERCARD,<br><br>      Defendant-Appellees. | **Case No. 23-1031** |

## APPELLEES' MOTION TO DISMISS THE APPEAL

Defendants-Appellees ("Defendants") respectfully move to dismiss this appeal for lack of jurisdiction. It is an appeal from an interlocutory order denying remand of a case to state court, not a final decision subject to appeal under 28 U.S.C. § 1291—the lone basis for jurisdiction invoked by Plaintiff-Appellants John Palladino, Garib Karapetyan, Steve Palladino, and John Nypl (collectively, "Plaintiffs"). Pursuant to this Court's Local Rule 27.1, Defendants notified Plaintiffs' counsel that Defendants would be filing this motion. Plaintiffs refused to dismiss their appeal, stating their belief that they had the right to appeal under 28 U.S.C. § 1291.

## CORPORATE DISCLOSURE STATEMENTS

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants state as follows:

Defendant Bank of the West, formerly a California banking corporation and an indirect subsidiary of BNP Paribas S.A, was acquired by and merged into BMO Harris Bank National Association ("BMO Harris") on February 2, 2023. BMO Harris is a chartered national bank and maintains its principal place of business in Chicago, IL. BMO Harris is wholly-owned by BMO Financial Corp., a Delaware

holding company that is not publicly traded. BMO Financial Corp. is in turn wholly-owned by the Bank of Montreal, a Canadian corporation whose principal place of business is Toronto, Canada. Bank of Montreal indirectly owns 10% or more of BMO Harris. BMO Harris may continue to use "Bank of the West" as a trade name.

Defendant Capital One Financial Corporation is a publicly traded company. It has no parent company, and no publicly held corporation owns 10% or more of its stock. Defendants Capital One F.S.B. and Capital One Bank (USA), National Association, no longer exist, but their successor is Capital One, National Association, which is a wholly owned subsidiary of Capital One Financial Corporation.

Defendant Citigroup Inc. is a publicly traded company. Citigroup Inc. has no parent company, and no publicly held corporation owns 10% or more of its stock. Defendant Citibank, N.A. is a wholly owned subsidiary of Citicorp LLC, which in turn is a wholly owned subsidiary of Citigroup Inc., a publicly held corporation. No other publicly held corporation owns 10% or more of Citibank N.A.'s stock.

Defendant JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of JPMorgan Chase & Co. JPMorgan Chase & Co. is a

2

publicly held corporation. JPMorgan Chase & Co. does not have a parent corporation and no publicly held corporation owns 10% or more of its stock. However, The Vanguard Group, Inc., an investment adviser which is not a publicly held corporation, has reported that registered investment companies, other pooled investment vehicles and institutional accounts that it or its subsidiaries sponsor, manage or advise have aggregate ownership under certain regulations of 10% or more of the stock of JPMorgan Chase & Co.

Defendant Mastercard International Incorporated is a wholly owned subsidiary of Mastercard Incorporated, a publicly traded Delaware corporation. Mastercard Incorporated also certifies that Mastercard Incorporated has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Defendant PNC Services Group, Inc., is a financial holding company trading under the symbol "PNC" on the New York Stock Exchange. PNC Bank, National Association is a national banking association and an indirect subsidiary of the PNC Financial Services Group, Inc. Defendant PNC Financial Services Group, Inc., is a financial holding company trading under the symbol "PNC" on the New

3

York Stock Exchange. There is no parent corporation or publicly held corporation that owns 10 percent or more of its stock.

Defendant U.S. Bancorp has no parent corporation, and no publicly held corporation owns 10% or more of its stock. Defendant U.S. Bank National Association is a wholly owned subsidiary of Defendant U.S. Bancorp.

Defendants Visa U.S.A. Inc. and Visa International Service Association are subsidiaries of Defendant Visa Inc. Visa Inc. has no parent corporation, and no publicly held company owns 10% or more of its stock.

Defendant Wells Fargo & Company is a publicly traded corporation. Defendant Wells Fargo & Company has no parent company, and no publicly held corporation owns 10% or more of Wells Fargo & Company's stock. Defendant Wells Fargo Bank, N.A. is a wholly owned subsidiary of Wells Fargo & Company.

## BACKGROUND

On January 30, 2023, Defendants timely removed this putative antitrust class action from San Francisco Superior Court to the Northern District of California. *See* Notice of Removal, *Palladino v.*

4

*JPMorgan Chase & Co.*, No. 1:23-CV-01215 (MKB) (E.D.N.Y. January 30, 2023) (filed as Docket Entry ("D.E") 1 in the District Court). On February 15, the Judicial Panel on Multidistrict Litigation transferred this action to the United States District Court for the Eastern District of New York and consolidated it with the long-running *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*. *See* Transfer to Multidistrict Litigation, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 05-MD-1720 (E.D.N.Y. Feb. 15, 2023) (D.E. 10 in the District Court).

On March 1, Plaintiffs filed a motion to remand to the Superior Court of the State of California, arguing that the federal court lacked subject matter and personal jurisdiction over Plaintiffs' claims. *See* Motion to Remand (D.E. 14 in the District Court). On June 15, the District Court (Brodie, J.) denied Plaintiffs' motion, finding that it had jurisdiction under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"). *See* Remand Order (D.E. 2 in this Court and D.E. 51 in the District Court) at 6-18. Plaintiffs filed a notice of appeal on July 13. *See* Notice of Appeal (D.E. 1 in this Court and D.E. 53 in the District Court). While not specified in their notice of appeal,

5

Plaintiffs, in correspondence with Defendants, have invoked 28 U.S.C. § 1291 as the basis for appellate jurisdiction.

## ARGUMENT

This Court should dismiss the appeal for lack of appellate jurisdiction. Orders denying remand are interlocutory, not immediately appealable "final decisions of the district courts of the United States." 28 U.S.C. § 1291. As the Supreme Court has made clear: "An order denying a motion to remand, standing alone, is obviously not final and immediately appealable as of right." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (cleaned up); *accord Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 578 (1954) (similar); *Wilkins v. Am. Export-Isbrandtsen Lines, Inc.*, 401 F.2d 151, 151 (2d Cir. 1968) (per curiam).

Thus, this appeal should be dismissed because Plaintiffs have no appeal as of right from the District Court's order denying their remand motion.

While orders denying remand are not appealable as of right, Congress created, through CAFA, a limited category of remand denials subject to discretionary appeal. *See* 28 U.S.C. § 1453(c)(1); *see also BlackRock Fin. Mgmt. Inc. v. Segregated Accounts of Ambac Assurance*

*Corp.*, 673 F.3d 169, 175-76 (2d Cir. 2012) ("A district court order on a motion to remand is ordinarily unappealable. However, CAFA expanded appellate jurisdiction to allow courts of appeals to accept interlocutory appeals from orders granting or denying motions to remand cases removed under CAFA.") (citation omitted).

Section 1453 does not yield jurisdiction here, however, and Plaintiffs do not contend otherwise. While Section 1453 vests courts of appeal with discretion to accept petitions for an interlocutory appeal from orders granting or denying motions to remand in CAFA cases, Congress explicitly required that any such petition be "made to the court of appeals not more than 10 days after entry of the order [denying remand]." 28 U.S.C. § 1453(c)(1). Here, however, Plaintiffs failed to make an application under Section 1453, timely or otherwise. Thus, Plaintiffs are left trying to wedge themselves into § 1291, despite the law clearly foreclosing that basis for review of a remand order.

Upon being notified that this motion to dismiss was forthcoming, Plaintiffs told Defendants that *Simring v. Greensky LLC*, 29 F. 4th 1262 (11th Cir. 2022), supports appellate jurisdiction here. Not so. In *Simring*, the Eleventh Circuit concluded that it had jurisdiction over

the defendant's appeal of the district court's *grant* of a remand motion, which is a "final decision" because nothing further occurs in federal court. *See id.* at 1265. The Eleventh Circuit then found the case to be within the narrow category of remands that are appealable notwithstanding 28 U.S.C. § 1447(d), which forecloses appellate jurisdiction over most remands notwithstanding the finality of remand. *See id.* (discussing §§ 1447(c) and (d), which generally directs that orders remanding cases are "not reviewable on appeal or otherwise"); *see also Thermtron Prod., Inc. v. Hermansdorfer*, 423 U.S. 336, 343-44 (1976) (addressing § 1447), *abrogated by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

Unlike *Simring,* however, the District Court's order here *denied* Plaintiffs' remand motion and therefore was not a final decision under § 1291. Rather, a denial of remand is quintessentially interlocutory because the case proceeds in the district court. Thus, the complex doctrines surrounding appellate jurisdiction of orders *granting* remand given § 1447(d) have no application here. As a leading treatise summarizes: "One aspect of appealing orders as to removal and remand remains blessedly simple. *An order denying remand is not final . . . .*"

8

15A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3914.11 (3d ed. 1998) (emphasis added).  The order at issue here denied remand, and thus there is no jurisdiction in this Court.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the appeal be dismissed.

Dated: July 27, 2023        Respectfully Submitted,

SIDLEY AUSTIN LLP

By: */s/ Benjamin R. Nagin*
Benjamin R. Nagin
Eamon P. Joyce
Thomas A. Paskowitz
787 Seventh Avenue
New York, NY  10019
(212) 839-5300
bnagin@sidley.com
ejoyce@sidley.com
tpaskowitz@sidley.com

*Attorneys for Citigroup Inc. and Citibank, N.A.*

ALSTON & BIRD, LLP

By: */s/ Teresa T. Bonder*
Teresa T. Bonder
560 Mission Street, Suite 2100
San Francisco, CA94105-0912
(415) 243-1010
teresa.bonder@alston.com

Kara F. Kennedy
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
(404) 881-4944
kara.kennedy@alston.com

*Attorneys for U.S. Bancorp and U.S. Bank,*
*National Association*

10

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Matthew A. Eisenstein*
Anne P. Davis
Matthew A. Eisenstein
601 Massachusetts Avenue, NW
Washington, DC20001-3743
(202) 942-5000
anne.davis@arnoldporter.com
matthew.eisenstein@arnoldporter.com

Robert J. Vizas
Three Embarcadero Center, 10th Floor
San Francisco, CA94111-4024
(415) 471-3100
robert.vizas@arnoldporter.com

*Attorneys for Defendants Visa Inc. and Visa
U.S.A. Inc. and Visa International Service
Association*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Elizabeth P. Papez*
Elizabeth P. Papez (pro hac vice pending)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8608
epapez@gibsondunn.com

Rachel S. Brass (pro hac vice pending)
Julian W. Kleinbrodt (pro hac vice pending)
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
(415) 393-8293
rbrass@gibsondunn.com
jkleinbrodt@gibsondunn.com

*Attorneys for BMO Harris Bank N.A., successor-in-interest to Bank of the West*

MORRISON & FOERSTER LLP

By: */s/ Michael B. Miller*
Michael B. Miller
250 West 55th Street
New York, NY 10019-9601
(212) 468-8000
mbmiller@mofo.com

Natalie Fleming Nolen
2100 L Street, NW, Suite 900
Washington, D.C. 20037
(202) 887-1500
nflemingnolen@mofo.com

*Attorneys for Bank of America Corporation, Bank of America National Association, and Bank of America, N.A.*

O'MELVENY & MYERS LLP

By: */s/ Abby F. Rudzin*
Andrew J. Frackman
Abby F. Rudzin
7 Times Square
New York, NY 10036
(212) 326-2000
afrackman@omm.com
arudzin@omm.com

*Attorneys for Capital One Financial Corporation, Capital One, F.S.B., Capital One Bank (USA), National Association and Capital One, National Association*

13

PATTERSON BELKNAP WEBB & TYLER LLP

By: */s/ Amy N. Vegari*
William F. Cavanaugh, Jr.
Amy N. Vegari
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000
wfcavanaugh@pbwt.com
avegari@pbwt.com

*Attorneys for Wells Fargo & Company and Wells Fargo Bank, N.A.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Kenneth A. Gallo*
Kenneth A. Gallo
Donna M. Ioffredo
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7300
kgallo@paulweiss.com
dioffredo@paulweiss.com

Gary R. Carney
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
gcarney@paulweiss.com

*Attorneys for Mastercard Incorporated and Mastercard International Incorporated*

14

REED SMITH LLP

By: */s/ Michelle A. Mantine*
Michelle A. Mantine
225 Fifth Avenue
Pittsburgh, PA, 15222
(412) 288-4268
mmantine@reedsmith.com

*Attorney for PNC Financial Services Group, Inc.,*
*PNC, and PNC Bank, National Association*

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By: */s/ Boris Bershteyn*
Boris Bershteyn
Kamali P. Willett
One Manhattan West
New York, NY   10001-8602
(212) 735-3000
boris.bershteyn@skadden.com
kamali.willett@skadden.com

*Attorneys for JPMorgan Chase & Co. and*
*JPMorgan Chase Bank, N.A.*

15

## **CERTIFICATE OF COMPLIANCE**

The foregoing motion complies with the type-volume limitations set forth in Federal Rules of Appellate Procedure 27(d)(2)(A). The motion contains 1,558 words, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27 and 32.

The motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32, because the motion has been prepared in proportionally spaced typeface using Microsoft Word 14-point Century Schoolbook font.

*/s/ Benjamin R. Nagin*
Benjamin R. Nagin

## <u>CERTIFICATE OF SERVICE</u>

I, Benjamin R. Nagin, hereby certify that on July 27, 2023 a true

and correct copy of the foregoing Motion to Dismiss the Appeal was

served by this Court's ECF system and by U.S. Mail upon the following:

Joseph M Alioto
Tatiana V. Wallace
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104

Jeffery Kenneth Perkins
Law Offices of Jeffery K. Perkins
1550-G Tiburon Blvd., Ste 344
Tiburon, CA 94920

*/s/ Benjamin R. Nagin*
Benjamin R. Nagin